TH:JRS
F. #2019R00001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N F O R M A T I O N |
| - against - | Cr. No. 21-425 (KAM)<br>(T. 18, U.S.C., §§ 982(a)(2), 982(b)(1), |
| BRENT KAUFMAN, | 1344, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p)) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I. The Defendant and Relevant Entities

1. The defendant BRENT KAUFMAN was a resident of Suffolk County, New York. KAUFMAN worked as an unlicensed mortgage broker, including by assisting clients with mortgage refinancings.

2. Home Point Financial Corporation, LoanDepot.com LLC and United Wholesale Mortgage (collectively, the "Lenders") were "mortgage lending businesses" as defined in Title 18, United States Code, Section 27.

II. The Fraudulent Scheme

3. In or about and between 2016 and 2019, both dates being approximate and inclusive, the defendant BRENT KAUFMAN, together with others, engaged in a scheme to defraud the Lenders by obtaining, and attempting to obtain, moneys and funds from the

Lenders by means of materially false representations. In furtherance of the scheme, KAUFMAN appeared at closings for mortgage refinancings. In general, at those closings, funds from new mortgages issued by the Lenders and others were intended to be wired to financial institutions that held prior mortgages, in order to pay a prior mortgage and retire the related lien. Instead, as part of the scheme, KAUFMAN provided false wire routing information to the Lenders' representatives, thereby causing the Lenders to send money from new mortgages to accounts controlled by KAUFMAN, rather than to the financial institutions holding the prior mortgages. As a result, the prior mortgages were not retired, leaving the residences at issue encumbered by two mortgages.

4. The defendant BRENT KAUFMAN used the funds he obtained through this scheme for his own personal benefit. In addition, in some instances, KAUFMAN used the funds to make payments on the prior mortgages in order to avoid detection of the scheme.

5. Through this scheme, the defendant BRENT KAUFMAN obtained approximately $4,745,374.40 from the Lenders and other mortgage lending businesses. After KAUFMAN used some of that money to make mortgage payments on the prior mortgages, including to retire some prior mortgages, the Lenders ultimately suffered a net loss of approximately $2,469.954.39.

## BANK FRAUD

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth herein.

7. In or about and between 2016 and 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRENT

KAUFMAN, together with others, did knowingly and intentionally execute, and attempt to execute, a scheme and artifice to defraud one or more financial institutions, to wit: the Lenders, and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of, the Lenders, by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

8. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, including but not limited to all assets listed in the Bill of Particulars filed in this matter.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

_____
JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #: 2019R00001
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

BRENT KAUFMAN,

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 982(a)(2), 982(b)(1), 1344, 2 and 3551, et seq.,
T. 21, U.S.C., § 853(p))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* \_\_\_\_\_

_____
*Clerk*

*Bail, $* _____

*Jonathan Siegel, Assistant U.S. Attorney (718) 254-6293*